# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STANLEY NORRIS (#B-46114), ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 6048 |
| v. ) | |
| ) | Judge George W. Lindberg |
| SALVADOR GODINEZ, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Stanley Norris, an inmate presently incarcerated at Lawrence Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In his second amended complaint, Plaintiff alleges that the Defendants, Cook County Sheriff Tom Dart, Superintendent Michael Miller, and Correctional Officer Hobbs (hereinafter, "Defendants"), violated his constitutional rights by denying him access to a low bunk. He alleges that he is a diabetic and is prescribed psychotropic medications, and that he fell out of a high bunk, resulting in back pain, nerve pain in his legs, and high blood pressure. On initial review pursuant to 28 U.S.C. § 1915A, the Court determined that Plaintiff had also stated a claim under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*. Plaintiff had named Salvador Godinez in his original complaint, but Defendant Godinez was dismissed as a Defendant on October 5, 2009.

Presently before the Court are Defendants' motions to dismiss Plaintiff's second amended complaint for failure to state a claim. Defendants Dart and Hobbs filed their motion [#19] on January 29, 2010, and Defendant Miller filed his motion [#34] on March 17, 2010, adopting the

amended memorandum filed by Defendants Dart and Hobbs. For the reasons stated in this order, Defendants' motions to dismiss are granted in part and denied in part.

It is well established that *pro se* complaints are to be liberally construed. *Haines* v. *Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson* v. *Washington,* 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)).

The allegations "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo*, 526 F.3d at 1084 (quotation omitted). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in the plaintiff's favor. *Tamayo*, 526 F.3d at 1081. However, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

**BACKGROUND**

Plaintiff alleges the following facts in his second amended complaint, which are accepted as true for purposes of the motions to dismiss. On June 13, 2009 he was moved from Division 10, Unit 2A at the Cook County Jail, to Unit 1A because Unit 2A was being painted. Plaintiff is an insulin dependent diabetic, has high blood pressure, high cholesterol, damaged nerves in his foot, and is

prescribed psychotropic medication. Due to his various ailments, Plaintiff had been assigned a low bunk permit.

When Plaintiff arrived at Unit 1A, he showed Defendant Hobbs his low bunk permit. She told him that no low bunks were presently available, but that he would be given one when one became available. When Plaintiff complained that a low bunk was not available, Defendant Hobbs told him he would have to discuss his issue with someone else. Plaintiff both had to sleep on the floor, where rats were present, and had to climb in the top bunk.

On June 14, 2009 Plaintiff fell out of the top bunk, sustaining damage to his back, and resulting in nerve pain in his legs and aggravation of his high blood pressure. Plaintiff is in constant pain.

With respect to Defendants Dart and Miller, Plaintiff alleges that they have failed to implement customs and policies dealing with low bunk permits. Plaintiff alleges a failure to provide step ladders and safety rails on upper bunks. He further alleges a custom and policy of failing to provide inmates who suffer from mental health issues with single bunk cells. His final allegation is that Defendants Dart and Miller have no procedures in place for educating staff regarding low bunk permits.

Plaintiff states that Defendants violated his constitutional rights by not protecting him from harm while incarcerated within the IDOC. He alleges a violation of his Fourteenth Amendment right to equal protection. He further alleges that his Eighth Amendment rights were violated because Defendants were deliberately indifferent to a serious threat to his health and safety. He does not specify whether he brings suit against Defendants in their individual or official capacity.

# ANALYSIS

**A. Defendants' Motions to Dismiss any Individual Capacity Claims against Defendants Dart and Miller.**

Defendants argue collectively in their two motions that Plaintiff fails to state a § 1983 claim against Defendants Dart and Miller in their individual capacities. Plaintiff's allegations as to both Defendants are that they instituted a custom and policy of failing to provide step ladders and safety rails for upper bunks, failed to institute a policy regarding low bunk permits, and generally have created no policy for handling mentally ill or disabled inmates. Plaintiff does not specify in his complaint whether he brings suit against Defendants Dart and Miller in their official or individual capacities.

To the extent that Plaintiff is attempting to hold these Defendants liable in their individual capacities, Plaintiff must allege that they were personally involved in the alleged constitutional violation. Liability under the Civil Rights Act requires a defendant's personal involvement in any alleged constitutional violations. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003).

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594. In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for §1983 recovery. *Hildebrandt*, 347 F.3d at 1039 (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)); *see also Alejo v. Heller*, 328

4

F.3d 930, 936 (7th Cir. 2003) (*sua sponte* dismissal of *Bivens* complaint upheld for failure to allege personal involvement against the defendants).

In the present case, Plaintiff alleges no personal involvement on behalf of Defendants Dart and Miller. He makes clear in his response to the Defendants' motions to dismiss that he holds Defendant Dart, in particular, responsible because he is the policy maker, and that he had failed to put policies in place designed to protect disabled inmates like Plaintiff. Accordingly, as Plaintiff has made no allegation of personal involvement by Defendants Dart and Miller, any individual capacity claims against them are dismissed. Plaintiff may only proceed against Dart and Miller in their official capacities.

Additionally, "[A] county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer...[and] [b]ecause state law requires the county to pay, federal law deems it an indispensable party to the litigation." *Askew v. Sheriff of Cook County*, 568 F.3d 632, 636 (7th Cir. 2009), *quoting Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003). Illinois law establishes that the sheriff is an independently elected county officer and not an employee of the county in which he serves. *Askew,* at 636*, citing Carver v. Sheriff of LaSalle County*, 203 Ill.2d 497, 787 N.E.2d 127, 137, 272 Ill. Dec. 312 (2003); Ill.Const. 1970, art. VII, § 4(c); *Moy v. County of Cook,* Ill 2d. 519, 640 N.E.2d 926, 203 Ill. Dec. 776 (1994). Illinois law further provides that a county is required to pay for any judgment that may be entered against the county sheriff in his official capacity. *See* 745 ILCS 10/9-102 *and see Carver*, 324 F.3d at 948. As Cook County would be required to pay any judgment that may be entered against Defendant Dart in his official capacity, Cook County is a necessary party. Plaintiff is given leave to amend his complaint to add Cook County as a Defendant.

**B. Defendant Hobbs' Motion to Dismiss Plaintiff's Claims of Deliberate Indifference.**

Because Plaintiff is a pretrial detainee, his conditions of confinement claim must be analyzed under the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520 (1979). Since "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law[,]" the Court inquires whether the alleged conditions amount to punishment of the detainee. *Id*. The Seventh Circuit has indicated, however, that conditions-of-confinement claims by pretrial detainees are to be analyzed under the same standards that apply to convicted prisoners under the Eighth Amendment. *See, e.g., Henderson v. Sheahan*, 196 F.3d 839, 844 n.2 (7th Cir. 1999).

Though some of the Seventh Circuit's decisions suggest that the Fourteenth Amendment might conceivably provide a greater level of protection to pretrial detainees than the Eighth Amendment provides to convicted prisoners, *see, e.g., Sanders v. Sheahan*, 198 F.3d 626, 628 (7th Cir. 1999) (stating that "the protections extended to pretrial detainees … are at least as extensive as the protections … extended to prisoners"), in the particular circumstances of this case, the standard makes no practical difference. Accordingly, the Court will analyze Plaintiff's claims under the standard that applies in Eighth Amendment conditions-of-confinement cases.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligence in diagnosing or treating a medical condition." *Estelle*, 429 U.S. at 106. *See also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied*, 519 U.S. 897, 117 S. Ct. 244, 136 L. Ed. 2d 173 (1996). An official is deliberately

indifferent when he acts or fails to act "despite his knowledge of a substantial risk of serious harm" to the inmate. *Farmer*, at 842.

Plaintiff has pled that he was given a low bunk permit as a result of his various physical ailments, including insulin dependent diabetes, high blood pressure, high cholesterol, and some form of mental illness requiring psychotropic medication. (See Plaintiff's complaint, p. 4). Plaintiff was also taking psychotropic medications. *Id*. When he arrived at Division 10, Unit 2A, on June 13, 2009, he spoke to Defendant Hobbs, described his medical issues and showed her his lower bunk permit. (See Plaintiff's complaint p. 3). Plaintiff alleges that she told him she did not have a lower bunk available, and that he should go talk to someone else. (See Plaintiff's complaint pp. 3-4). Plaintiff was forced to sleep both on the floor, and in a top bunk, and on June 14, 2009, at 3:00 p.m., Plaintiff alleges he fell out of the top bunk, resulting in injuries to his back and legs. (See Plaintiff's complaint p. 4).

Even if requiring an inmate to sleep on a mattress on the floor does not by itself give rise to a constitutional claim, that does not permit jail authorities to ignore a detainee's medical condition. It is well established that if a jailer is deliberately indifferent to a detainee's serious medical needs, and the detainee suffers injury as a result of this, the jailer may be liable for damages. *See generally Estelle,* at 104-05 (1976) (Eighth Amendment case involving prison medical care); *Zentmyer v. Kendall County*, 220 F.3d 805, 810 (7th Cir. 2000) (applying same standard to pretrial detainee under Fourteenth Amendment). Defendants are not absolved from liability simply because their challenged action involves matters (i.e. sleeping arrangements) which alone would not give rise to a claim.

Defendant Hobbs' argument in her motion to dismiss focuses on the temporary discomfort of sleeping on the floor or on bed frames without mattresses. The argument does not acknowledge

that Plaintiff has pled that he suffered serious medical conditions necessitating the low bunk permit, and, consequently, his claims involve medical care, not just a matter of temporary discomfort.

The motion also argues that Defendant Hobbs is entitled to qualified immunity. A law enforcement officer is entitled to qualified immunity from suits for damages brought under section 1983 insofar as his conduct does not violate clearly established statutory or constitutional rights existing at the time of the alleged violation and of which a reasonable person would have known. *Saucier v. Katz*, 533 U.S. 194, 202 (2001). The law governing deliberate indifference was clearly defined at the time Plaintiff alleges that Defendant Hobbs was deliberately indifferent to his need for a low bunk permit. Consequently, the motion to dismiss Plaintiff's allegations of deliberate indifference against Defendant Hobbs is denied.

C. **Defendants' Motion to Dismiss Plaintiff's Claims under the A.D.A.**

Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq*. (hereinafter, the "A.D.A.") prohibits a "public entity" from discriminating against a "qualified individual with a disability" because of the person's disability. 42 U.S.C. § 12131. The Seventh Circuit has held that the A.D.A. applies to prisons and that its protections extend to inmates. *See Crawford v. Indiana Department of Corrections*, 115 F.3d 481, 483-84 (1997).

Defendants argue in their motions to dismiss that none of Plaintiff's named Defendants is a "public entity" as defined by the statute. "Public entity" is defined in the statute as "either a state or local government or any department or other instrumentality of a state or local government." *Id*. at 483. Defendants are correct that Plaintiff has failed to name a public entity in his complaint. He has, however, factually stated a claim under the A.D.A. Without any comment as to the merits of such a claim, the Court grants Defendants' motion to dismiss Plaintiff's A.D.A. claim without prejudice

to him submitting a third amended complaint naming the Cook County Sheriff's Office as a Defendant, for purposes of naming a public entity suable under the Act.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss [#23, 34] are granted in part and denied in part. Plaintiff's individual capacity claims against Defendants Dart and Miller are dismissed. Plaintiff's claim against Defendant Hobbs for deliberate indifference to a serious medical condition is not dismissed, and Plaintiff may proceed on that claim. Plaintiff's claims brought under the A.D.A., 42 U.S.C. § 12101 *et seq*. are dismissed against Defendants Dart, Miller and Hobbs. Plaintiff is granted leave to file a third amended complaint, by August 5, 2010, to name the Cook County Sheriff's Office, a public entity, for purposes of pursuing his claims under the A.D.A., and to name Cook County as a necessary party. The July 21, 2010 status hearing is reset to August 18, 2010.

Dated:  July 6, 2010

George W. Lindberg
United States District Court Judge